# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN PIERRE-LOUIS, | § | |
| | § | No. 645, 2014 |
| Plaintiff Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| BANK OF AMERICA, N.A., ANN L. | § | in and for New Castle County |
| BALTHIS, BASSAM M. AWADALLA, | § | C.A. No. N13C-08-303 |
| THERESA ANDREWS, JOHN D. DAVIS, | § | |
| and ANDREW T. JOHNSTONE, | § | |
| | § | |
| Defendants Below- | § | |
| Appellees. | § | |

Submitted: September 18, 2015
Decided: November 19, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 19th day of November 2015, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The plaintiff-appellant, John Pierre-Louis, filed this appeal from an order of the Superior Court, dated October 20, 2014, which denied Pierre-Louis' motion to amend his complaint and granted the defendants' motion to dismiss his complaint with prejudice. After careful consideration, we affirm the Superior Court's decision granting the defendants' motion to dismiss on the alternative procedural ground that Pierre-Louis failed to respond to the defendants' motion to

dismiss and failed to appear in the Superior Court for the hearing on the motion. Under the circumstances, we do not reach the substantive merits of Pierre-Louis' complaint.

(2) The record reflects that Pierre-Louis was employed by defendant Bank of America between 2007 and February 2012, when his employment was terminated. The individual defendants also worked for Bank of America. On September 4, 2013, Pierre-Louis filed an eighty-four page complaint against the defendants containing eleven counts, which included: (i) wrongful termination; (ii) breach of the implied covenant of good faith and fair dealing; (iii) intentional infliction of emotional distress; (iv) negligence; (v) assault; (vi) battery; (vii) false imprisonment; (viii) libel; (ix) slander *per se*; (x) negligent supervision; and (xi) negligent retention. On September 30, 2013, the defendants filed a notice removing the action to the federal District Court of Delaware.[1] Almost a year later, the District Court entered an order remanding the matter to the Superior Court for want of federal jurisdiction.[2]

(3) On September 23, 2014, the defendants filed a renewed motion under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, seeking to dismiss Pierre-Louis' complaint for failure to state a claim upon which relief could be granted. The defendants also renewed their objections to the motion to amend the

---

[1] 28 U.S.C. § 1441.

[2] *Pierre-Louis v. Bank of America N.A.*, No. 13-1624, slip op. at 6 (D. Del. Aug. 11, 2014).

complaint, which Pierre-Louis had filed in the District Court. On October 2, 2014, a hearing on the motion to dismiss was scheduled for October 20, 2014 at 9 AM. Pierre-Louis was served with notice of the hearing date.

(4) Under Superior Court Civil Rule 78(b) and the Superior Court's Case Management Plan for New Castle County, a response to the motion to dismiss was due "no later than four days prior to the hearing on the motion,"[3] in other words, by October 16, 2014. Pierre-Louis did not respond to the motion to dismiss, nor did he request an extension of time to file a response. Moreover, Pierre-Louis did not appear at the October 20, 2014 hearing. At the start of the hearing, the court clerk indicated that Pierre-Louis had emailed a request for a continuance of the hearing that morning. The Superior Court denied the request for a continuance.

(5) The trial judge found that the motion to dismiss was unopposed and that it had merit, stating "I have reviewed the District Court filings and I feel that even if the plaintiff had filed a timely response, it would not have been sufficient to overcome this motion. So, I intend to grant it as submitted."[4] The same day, the Superior Court signed the defendants' two-page form order dismissing Pierre-Louis' complaint in its entirety, with prejudice, for failure to state a claim. The order also denied Pierre-Louis' motion to amend his complaint as futile. On October 28, 2014,

---

[3] Del. Super. Ct. Civ. R. 78(b) (2015). *See also* New Castle County Civil Case Management Plan § IV(A)(3)(b) (Del. Super. Nov. 2004).

[4] Hearing Tr. at 3 (Oct. 20, 2014).

the Superior Court docketed a letter from Pierre-Louis, which asked the judge to reconsider the dismissal of his complaint. The request for reconsideration was not in the form of a motion for reargument, and the Superior Court did not respond to the letter. This appeal followed.

(6) In his opening brief on appeal, Pierre-Louis asserts that the Superior Court abused its discretion in dismissing his complaint because his failure to respond to the complaint or appear at the hearing was the result of excusable neglect, namely, his poor health and his lack of counsel. Pierre-Louis also asserts that his inability to access the Superior Court's electronic filing system prevented him from filing his response to the motion and his request for a continuance in a timely manner and that the Superior Court erred in deeming his emailed request for a continuance to be unacceptable. He contends that the defendants will not suffer substantial prejudice if his case is reopened. Pierre-Louis also argues that the Superior Court erred in dismissing his complaint on the merits without providing any rationale, that the trial judge should have recused herself, and that the defendants' out-of-state counsel was permitted to appear without first being admitted *pro hac vice*.

(7) In their answering brief, the defendants argue that the Superior Court did not abuse its discretion in granting the motion to dismiss in light of Pierre-Louis'

failure to respond or to appear at the hearing.[5] They also contend that the Superior Court properly granted their motion to dismiss on substantive grounds.

(8)    After careful consideration of the parties' briefs, we conclude that the Superior Court did not abuse its discretion in dismissing Pierre-Louis' complaint given his failure to respond to the defendants' motion to dismiss and his failure to appear at the scheduled hearing.[6] To the extent Pierre-Louis raises factual issues about why his failure to respond or appear should be excused, those issues were not considered by the Superior Court in the first instance and are outside of the record before this Court on appeal.[7] Given our holding, we need not reach the other issues raised by the parties on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[5] *See* Super. Ct. Civ. R. 107(f) (providing that the Superior Court "may, in its discretion, dismiss the proceeding if the plaintiff is in default, consider the motion as abandoned, or summarily deny or grant the motion, such as the situation may present itself....").

[6] *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 716-717 (Del. 2008) (holding that the Superior Court is vested with the inherent authority and discretion to dismiss a party's action for failure to prosecute or comply with the court's rules or orders).

[7] *Anderson v. Anderson*, 2014 WL 4179116 (Del. Aug. 21, 2014).